IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | } | |
| | } | |
| Deborah Jenkins, | } | Case No. 14-40226-JJR13 |
| | } | |
| Debtor. | } | |

| | | |
|---|---|---|
| Deborah Jenkins, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | AP No. 14-40040-JJR |
| | } | |
| Midland Credit Management, Inc. and | } | |
| Heather Lynch, | } | |
| | } | |
| Defendants. | } | |

## OPINION AND ORDER GRANTING MOTION TO DISMISS

The plaintiff-debtor's complaint in this adversary proceeding[1] seeks damages for a violation of the Fair Debt Collection Practices Act that allegedly arose when defendant, Midland Credit Management, Inc. ("Midland") filed a time-barred claim in the debtor's underlying chapter 13 bankruptcy case.[2] Apparently, Heather Lynch ("Lynch") was added as a defendant because she signed the proof of claim on behalf of Midland in her capacity as its Bankruptcy Specialist. The defendants filed a motion to dismiss the complaint, and after careful

---

[1] The court has jurisdiction under 28 U.S.C. § 157(b). "The parties agree this matter is a core proceeding, that the Court has proper jurisdiction and can enter a final judgment herein." (AP Doc. 31, Report of Parties' Planning Meeting.)

[2] The complaint also asked the court to sanction the defendants for filing a claim on a time-barred debt. Although the demand for sanctions appeared to be an afterthought, as discussed below, the court finds that the defendants' conduct did not warrant sanctions under Bankruptcy Rule 9011, or otherwise.

1

consideration of the pleadings, the arguments of counsel, the matters of record in the underlying bankruptcy case, as well as the relevant case law and statutory authorities, the court concludes that the defendants' motion is due to be granted.

Background

The facts are not in dispute. On May 27, 2014, Midland filed Claim 9 in the debtor's chapter 13 bankruptcy case. The claim was signed by Lynch in her capacity as Midland's agent. The claim disclosed the date of the last transaction and payment on the underlying account was June 26, 2006. On its face the debt covered by the claim was time-barred from suit pursuant to the applicable Alabama statute of limitations.[3] On July 10, 2014, the Eleventh Circuit issued its opinion in *In re Crawford*, 758 F.3d 1254 (11th Cir. 2014), *cert. denied*, ---U.S.---, 135 S. Ct. 1844 (U.S. 2015) holding that the filing of a proof of claim by a debt collector in a chapter 13 case for a time-barred debt was an unfair, unconscionable, deceptive, and misleading means of attempting to collect a debt under the "least sophisticated consumer" standard, and was therefore a violation of the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §1692 et seq.). However, because the creditor did not raise it as a defense, the *Crawford* panel expressly left undecided the question of whether the Code's claims-allowance procedure precluded the imposition of FDCPA penalties when the action taken to collect the debt was simply the filing of a bankruptcy proof of claim.

---

[3] No party argued that the statute of limitations of a state other than Alabama applied. Alabama Code 1975 § 6-2-34 reads in relevant part: "The following must be commenced within six years: . . . (4) Actions founded on promises in writing not under seal; . . . (5) Actions for the recovery of money upon a loan, upon a stated or liquidated account or for arrears of rent due upon a parol demise; . . . (9) actions upon any simple contract or specialty not specifically enumerated in this section."

Two weeks after the Eleventh Circuit's *Crawford* decision, the plaintiff-debtor objected to Midland's claim on grounds that the statute of limitations had expired. (BK Doc. 52.) In her objection, the debtor did not allege any facts that, if proven, would demonstrate Midland's claim was not in compliance with the Bankruptcy Code, Rules, or Official Form B10; the sole basis for the objection was that the debt underlying the claim was time-barred under the statute of limitations.[4]

Midland then withdrew its proof of claim, and the court entered an order mooting the objection. (BK Doc. 63.) Shortly thereafter, the plaintiff filed her complaint seeking damages under the FDCPA based on Midland's having filed a proof of claim on a time-barred debt. The defendants do not dispute that Midland is a debt collector and, therefore, subject to the FDCPA. Additionally, the amended complaint (AP Doc. 4) prayed for "such sanctions as the Court may deem just, equitable, and proper to enforce provisions of the Bankruptcy Code." The defendants moved to dismiss the complaint (AP Doc. 10), arguing – unlike the creditor in *Crawford* – that the claims-allowance procedure under the Code and Rules precluded the imposition of FDCPA penalties when the attempt to collect a stale debt was simply the filing of a proof of claim in a chapter 13 debtor's case. The plaintiff responded that her FDCPA claims were not precluded by the Code and Rules, but as a fallback asked that if her FDCPA claims were dismissed, that the dismissal be without prejudice to her claim for sanctions against the defendants, presumably under Rule 9011.

While the defendants' motion to dismiss was under advisement, the District Court for the Southern District of Alabama issued its opinion in *Johnson v. Midland Funding, LLC*, 528 B.R. 462 (S.D. Ala. 2015), *appeal docketed*, No. 15-11240 (11th Cir. Mar. 24, 2015). The *Johnson*

---

[4] References herein to the "Code" refer to the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., and references to a "Rule" refer to a Federal Rule of Bankruptcy Procedure.

opinion addressed the issue left open by footnote 7 of the Eleventh Circuit's *Crawford* decision, and raised by Midland in its motion to dismiss in the instant case, i.e., whether the claim filing, allowance, and objection procedures prescribed by the Code preclude damages under the FDCPA when the FDCPA complaint is predicated upon the filing of a proof of claim for a time-barred debt. Footnote 7 in *Crawford* stated:

> The Court also declines to weigh in on a topic the district court artfully dodged: Whether the Code "preempts" the FDCPA when creditors misbehave in bankruptcy. *Crawford,* 2013 WL 1947616, at *2 n. 1. Some circuits hold that the Bankruptcy Code displaces the FDCPA in the bankruptcy context. *See Simmons v. Roundup Funding, LLC,* 622 F.3d 93, 96 (2d Cir. 2010); *Walls v. Wells Fargo Bank ,N.A.,* 276 F.3d 502, 510 (9th Cir. 2002). Other circuits hold the opposite. *See Simon v. FIA Card Ser., N.A.,* 732 F.3d 259, 271–74 (3d Cir. 2013); *Randolph v. IMBS, Inc.,* 368 F.3d 726, 730–33 (7th Cir. 2004). In any event, we need not address this issue because LVNV argues only that its conduct does not fall under the FDCPA or, alternatively, did not offend the FDCPA's prohibitions. LVNV does not contend that the Bankruptcy Code displaces or "preempts" §§ 1692e and 1692f of the FDCPA.

758 F.3d at 1262 n.7.

The district court in *Johnson* found that the Code allows debt collectors to file claims for stale debts in a bankruptcy case, subject to the disallowance and objection procedures prescribed in the Code, and dismissed an FDCPA complaint as being precluded by the Code's specific claim-related procedures. After the publication of the *Johnson* decision, the plaintiff in the instant case filed a motion to stay her adversary proceeding (AP Doc. 41), pending the outcome of the appeal of *Johnson* to the Eleventh Circuit. In her motion to stay, the plaintiff, for the first time, took the position that her amended complaint was sufficient to state a claim for sanctions under Rule 9011 based on the amended complaint's prayer-language seeking sanctions as the court found appropriate. The defendants objected to the plaintiff's request for a stay, and the

4

Case 14-40040-JJR    Doc 51    Filed 09/17/15    Entered 09/17/15 15:05:32    Desc Main
Document      Page 4 of 12

court sustained the objection (AP Doc. 44).[5] For the reasons that follow, the court concludes that the defendants' motion to dismiss (Doc. 10) is due to be granted.

FDCPA Precluded By Bankruptcy Claims Allowance Procedure

But-for the question left unanswered by the Eleventh Circuit in footnote 7 of *Crawford,* the law in this circuit would unequivocally be that a debt collector's act of filing a proof of claim in a chapter 13 case for a time-barred debt bestows a cause of action – arguably for strict liability – upon the debtor for damages under the FDCPA. *Crawford*, 758 F.3d 1254. The question left unanswered in footnote 7, however, is whether a debtor has a cause of action under the FDCPA if the creditor defends the FDCPA claim – unlike the creditor in *Crawford* – by arguing that an otherwise cognizable claim for FDCPA damages is precluded by the Code's and Rule's comprehensive and detailed protocols for the filing, and allowance or disallowance, of claims. In the instant adversary proceeding, Midland took up the gauntlet thrown by footnote 7, and argued that the FDCPA cause of action should be dismissed because a proof of claim filed in a bankruptcy case should be allowed or disallowed in accordance with the claims allowance procedure set forth in the Code and Rules, and that procedure precludes scrutiny of the propriety of the filing of the proof of claim under the FDCPA. This court agrees.

Thus, the narrow issue before this court is whether the respective consequences prescribed under the Code and the FDCPA for pursuing the collection of a stale debt can be harmonized and both given effect when the claims allowance process under the Code and Rules not only contemplates but invites the very act the FDCPA would prohibit and penalize. The case

---

[5] At a status conference held soon after the debtor's underlying chapter 13 case was dismissed, when the court inquired whether the parties wanted the court to issue a ruling on the defendants' motion to dismiss in this adversary proceeding, counsel for both the plaintiff and the defendants urged the court to proceed with its ruling.

5

law on whether the Code and Rules preclude application of the FDCPA is varied and complex, but was ably summarized and analyzed by Chief Judge Steele in the *Johnson* opinion.

The notion that the FDCPA prohibits, and therefore penalizes, a debt collector who attempts to collect a time-barred debt by filing a proof of claim in a bankruptcy case loses traction when considered in light of: (i) the claims-filing, objection, allowance, and disallowance procedures prescribed in Code §§ 501 and 502, and Rules 3001-3008; (ii) the Code's broad definition of "claim" in § 101(5)(A); and (iii) the Alabama cases holding that a right to payment remains for a time-barred debt even though it may not be judicially enforceable.[6] *Cf. Johnson*, 528 B.R. at 462.

---

[6] The claims-allowance process begins with Code § 501(a) that provides that "[a] creditor . . . may file a proof of claim" and continues with § 502(a) that states "[a] claim . . . , proof of which is filed under section 501 . . ., is deemed allowed, unless a party in interest . . . objects." Finally, § 502(b) completes the process by providing that ". . . if such an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim . . . and shall allow such claim . . . except to the extent that . . . such claim is unenforceable . . . under any . . . applicable law . . . ." e.g., expiration of the statute of limitations. And Rules 3001-3008 provide the procedural guidelines for the Code's claims-allowance process.

Code § 101(5)(A) broadly defines the term "claim" as a "*right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed, legal, equitable, secured or unsecured . . . ." (emphasis added).

"In Alabama, a creditor's right to payment is not eliminated by a limitations bar. *Ex parte Liberty National Life Insurance Co.*, 825 So. 2d 758, 765 (Ala. 2007) ('[A] statute of limitations generally is procedural and extinguishes the remedy rather that the right . . . .') . . . Thus, the [creditor] has the right to payment of its time-barred debt and a consequent entitlement to file a proof of claim as to the time-barred debt." *Johnson,* 528 B.R. at 465-66 (citing *Ex parte HealthSouth Corp.*, 974 So. 2d 288, 296 (Ala. 2007)).

It is also significant that claims filed in a bankruptcy case are scrutinized by debtor's counsel, unless the debtor is *pro se*, but in all cases, even those filed *pro se*, claims are scrutinized by the chapter 13 trustee. Such scrutiny of a creditor's claim by a person with legal know-how does not necessarily occur—especially for *pro se* debtors—when a collection suit is filed in state court; yet another reason to differentiate between the FDCPA's application to claims filed in bankruptcy courts and collection suits filed in state courts. Although the panel in *Crawford* applied the least-sophisticated consumer standard to its analysis of a bankruptcy claim under the FDCPA, there is no similar standard of review for claims under Code § 501 or 502, or Rules 3001-3008. Applying the FDCPA's higher standard to bankruptcy claims would have the effect of amending Code §§ 501 and 502 for a particular subset of creditors: debt collectors

6

Following the *Johnson* court's lead, this court concludes that the FDCPA must yield to the Code and Rules under these facts. *Id.* at 473. In addition, another bankruptcy judge of this court ruled, in a pre-*Crawford* case, that:

> An FDCPA claim . . . cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim. The Debtor's remedy in dealing with an objectionable claim is already set forth in the claims allowance process and should be dealt with accordingly, as has already occurred in this case.

*In re Simpson*, No. 08-00137, 2008 WL 4216317, *3 (Bankr. N.D. Ala. 2008). Given the explicit statement in *Crawford's* footnote 7 that the ruling therein was not determinative of the outcome had the creditor argued preclusion, the rationale of *Simpson* remains valid. Accordingly, it is hereby ORDERED that the claim for damages under the FDCPA in the plaintiff's complaint is dismissed with prejudice.

<u>Sanctions</u>

The plaintiff contends that even if this court rules that filing a claim for a stale debt does not support a claim for damages under the FDCPA, such conduct is nonetheless sanctionable, presumably under Rule 9011, or on some other unspecified basis. At the status conference on the motion to dismiss, plaintiff's counsel argued that the language in her prayer for relief at the conclusion of the amended complaint asking for "such sanctions as the Court may deem just, equitable, and proper to enforce provisions of the Bankruptcy Code" kept open the door for sanctions even if the court found that preclusion applied to the FDCPA cause of action specifically alleged in the complaint.

---

whose claims are time-barred under state law. If Congress intended bankruptcy claims filed by this particular subset of creditors to be scrutinized under the higher standards of the FDCPA, it gave no such indication in the plain language of the Code.

7

The court disagrees that the sanctions-demand language at the conclusion of the amended complaint satisfied the minimum pleading standard required to state a claim for sanctions under the Code, the Rules, or otherwise, based upon the Supreme Court's established pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). *Twombly* requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. at 1964 (internal quotations omitted). Regardless of the brevity of the plaintiff's claim for sanctions, this court is presuming the she would make her sanctions claim under Rule 9011 if pressed to specify the basis for that claim, but no claim for sanctions under Rule 9011 could be proved based on the undisputed facts of this case.

While Rule 9011[7] provides for sanctions if an offending pleading or document is filed and not withdrawn under the safe-harbor provision, the plaintiff here, even if the boilerplate

---

[7] Rule 9011(b) provides that by filing any paper, such as a proof of claim, the filer "is certifying that to the best of the [filer's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

Rule 9011(c)(1)(A) provides for sanctions in the court's discretion after notice and a hearing, if the court finds Rule 9011(b) was violated and upon motion, served under Rule 7004. The "motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected [unless the violation is the filing of a petition.]"

language for relief in the amended complaint were sufficient to qualify as a motion for sanctions under Rule 9011, never gave the safe-harbor notice required under that Rule:

> Even if the Curt were to hold that it is wrongful to file claims, which, albeit valid, are stale, it has been *repeatedly* held in [that] District that, absent a court initiated inquiry pursuant to Rule 9011(c)(2), Rule 9011 sanctions can be sought by a party *only* after the opponent has been afforded 21 days advance notice and an opportunity to withdraw or correct the allegedly offending allegation. *See* Rule 9011 (c)(1)(A). Failure to comply with this safe harbor provision is fatal to the sanctions request.

*Claudio v. LVNV Funding, LLC (In re Claudio)*, 463 B.R. 190, 196 (Bankr. D. Mass. 2012) (emphasis in original).

Further, the amended complaint does not state a claim for sanctions even if the language used did suffice as a motion for sanctions, and even if the appropriate "safe harbor" notice had been given. The proof of claim was withdrawn soon after the claim objection was filed, and before the instant adversary proceeding was filed. Had the filing of the claim on a stale debt been sufficiently offensive conduct to support a Rule 9011 violation, the withdrawal of the claim before the debtor took any action in opposition to the claim remedied the problem. Additionally, the filing of a claim on a debt that is stale under state law – where the proof of claim is otherwise in all material respects compliant – is not egregious and offensive conduct that Rule 9011 was intended to address. *See Keeler v. PRA Receivables Management, LLC (In re Keeler)*, 440 B.R. 354, 366-67 (Bankr. E.D. Pa. 2009) (declining sanctions under Code § 105 because the filing of the proof of claim on a stale debt was an allowed act under the Code; and further declining sanctions under 28 U.S.C. § 1927 for unreasonable or vexatious litigation because no action had been taken that was unreasonable or vexatious simply by filing a claim on a stale debt, which the filer then withdrew after the debtor objected on statute of limitations grounds); *see also In re Andrews*, 394 B.R. 384, 388 (Bankr. E.D.N.C. 2008) (Rule 9011 sanctions not warranted for

9

filing claims that creditor knew or should have known were subject to a statute of limitations objection when such claims are expressly allowed by the Code); *contra Matter of Sekema*, 523 B.R. 651 (Bankr. N.D. Ind. 2015) (sanctioning a creditor under Rule 9011(b)(2) for not conducting an appropriate pre-filing investigation and consequently filing a claim that the creditor knew or should have known was subject to an "obvious" statute of limitations defense; citing 7th Circuit authority in *Matter of Excello Press, Inc.*, 967 F.2d 1109, 1112-13 (7th Cir. 1992), as standing for the proposition that such pre-filing investigation should include investigating whether an obvious affirmative defense bars an action; notably, however, the court in *Excello Press* stated that there was no bright-line rule and reversed as being an abuse of discretion the imposition of sanctions against a trustee for filing a preference action when an affirmative defense of "ordinary course of business" was established based on information easily accessible to the plaintiff); and *contra Feggins v. LVNV Funding, LLC (In re Feggins)*, --- B.R.---, 2015 WL 5011224 (Bankr. M.D. Ala. Aug. 25, 2015) (finding that Code § 501 does not provide an "absolute right" to file a claim, as filing claims can sometimes run afoul of Rule 9011, such as stale claims under the reasoning of *Matter of Sekema*, 523 B.R. 651 (Bankr. N.D. Ind. 2015), *supra*, and also sometimes violate the discharge injunction if a claim is filed for a debt that was discharged in a prior case, so that there really is no "absolute" right to file a "frivolous or groundless" claim given by § 501, and therefore finding no conflict or preclusion between Code §§ 501 and 502 and the FDCPA's prohibition on the filing of a stale claim by a debt collector; this court agrees that a truly frivolous or groundless claim functions as such a trigger, but disagrees that a claim that is subject to a statute of limitations defense is by definition "frivolous or groundless" given that the statute of limitations is an affirmative defense, and is an express basis for disallowance under § 502 *only if a party in interest objects*.)

If the reasoning of *Sekema* and *Feggins* are correct, why would not any claim that is later disallowed under § 502(b) for any reason be "frivolous and groundless" so that it is not one that "may" have been filed under § 501? It seems circular to say that because the claim was disallowed, it was never allowed, and because it was never allowed, it was not a claim that the creditor "may file a proof of claim" for under § 501, although it could never have been disallowed had the claim not been filed. If the "frivolous and groundless" categorization is reserved for claims that are subject to a statute of limitations defense, does this court then have a duty under *Espinosa*[8] to examine every claim, not just those filed by debt collectors, even where no objection to the claim is filed, and disallow as frivolous and groundless any that appear on their face to be subject to a statute of limitations defense?

By way of an example, assume a creditor files a proof of claim that is not fraudulent, although the creditor knew or should have known its claim might be disallowed on statute of limitations grounds if that objection is raised by the debtor or the trustee. Under the plaintiff's logic, that creditor has exposed itself to the imposition of sanctions. If sanctions were appropriate in such an instance, they likewise should be imposed if the claim were subject to disallowance for other affirmative defenses that could be deemed "obvious," such as, for example, accord and satisfaction, payment, res judicata, estoppel, release, lack of consideration, setoff, or recoupment. Any creditor filing a claim, not just those identified as debt collectors

---

[8] *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1381 n. 14 (2010) (bankruptcy courts required to address defects in proposed plans even if no creditor raises the issue); *Alabama Dept. Of Economic & Community Affairs v. Ball Healthcare-Dallas, LLC (In re Lett)*, 632 F.3d 1216, 1228-30 (11th Cir. 2011) (bankruptcy courts have independent obligation to determine if absolute priority rule was violated); *Universal American Mortgage Co. v. Bateman (In re Bateman)*, 331 F.3d 821, 828 n. 6 (11th Cir. 2003) (bankruptcy courts have independent obligation to ensure compliance with the Code); *In re Anderson*, 458 B.R. 494, 503 (Bankr. E.D. Wisc. 2011) ("The bankruptcy court cannot confirm a plan that contains provisions contrary to law, no matter how those defects come to its attention.").

11

under the FDCPA, whose filed-claims are later disallowed on virtually any affirmative defense grounds would be exposed to sanctions if the affirmative defense were deemed "obvious." Such logic would chill the filing of any claim that was even arguably subject to an affirmative defense, and stands in opposition to the Code's invitation for "[a] creditor . . . [to] file a proof of claim . . . ." which will be "deemed allowed, unless a party in interest . . . objects." Code §§ 501(a), 502(a). This court is not saying that filing a bogus or other illicit claim could never be grounds for sanctions under Rule 9011 or otherwise, but sanctions are not warranted under the simple facts in this case and others like it.[9]

Accordingly, it is hereby ORDERED that the plaintiff's claim for sanctions, and this adversary proceeding, are hereby dismissed with prejudice, costs taxed as paid.

So done and ordered this 17th day of September 2015.

/s/ James J. Robinson
JAMES J. ROBINSON
Chief U.S. Bankruptcy Judge

---

[9] In the proof of claim context, would the debtor have the burden of proving the affirmative defense was "obvious" or would the creditor have the burden of proving the defense was not "obvious?" The slope becomes slippery indeed. Congress provided for a process of deemed allowance and grounds for objection, which distributes the burden and benefit between debtor and creditor in the claim context that cannot be changed by judicial fiat, no matter how sympathetic the debtor or unsympathetic the creditor. This court would echo the sentiments of Judge Fox: "I appreciate that debtors and bankruptcy trustees must be vigilant in reviewing proofs of claim, so that a distribution is not provided to those holding claims barred by the statute of limitations. Nonetheless, as other courts have observed, the present statute and procedural rules do not preclude such filings by creditors. . . Until the Bankruptcy Code is amended . . . or the procedural rules modified to render such claims invalid . . . creditors . . . are entitled to file proofs of claim even for stale debts." *Keeler*, 440 B.R. at 368.